IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GERALD G. COTTON,

       Plaintiff,

v.                                       No. CV 09-0114 JH/ACT

DIERSON CHARITIES, ET AL.,

       Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 2). Plaintiff is incarcerated and appears pro se. The required filing fee for Plaintiff's complaint is $350.00. Under 28 U.S.C. § 1915(a), (g), the IFP application will be denied, and Plaintiff will be required to pay the full amount of the filing fee.

       Plaintiff has filed a number of complaints in this Court, four of which have been dismissed. *See Cotton v. Bravo*, No. CV 04-0133 MCA/LCS, slip ord. (D.N.M. Apr. 14, 2004) (dismissing for failure to state a claim); *Cotton v. Lytle*, No. CV 04-0152 WJ/DJS, slip ord. (D.N.M. July 15, 2004) (dismissing for failure to exhaust administrative remedies); *Cotton v. LeMaster*, No. CV 04-0880 JB/KBM, slip ord. (D.N.M. Nov. 14, 2004) (dismissing for failure to state a claim); *Cotton v. Looney*, No. CV 05-0183 JB/LCS, slip ord. (D.N.M. July 29, 2005) (dismissing for failure to exhaust administrative remedies), *appeal dismissed*, No. 05-2254, slip ord. (10th Cir. Dec. 14, 2005). "We take judicial notice that [Plaintiff] has had three actions or appeals in courts of the United States dismissed as frivolous or malicious." *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) (citing *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir.1979)).

       The provisions of 28 U.S.C. § 1915(g) prohibit a prisoner from proceeding in forma pauperis if three or more previous complaints by the prisoner have been dismissed as frivolous or for failure

to state a claim. The pertinent subsection reads:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous . . . or fails to state a claim . . . , unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). Furthermore, "dismissal based on lack of exhaustion . . . may constitute a strike for purposes of 28 U.S.C. § 1915(g)." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-1213 (10th Cir. 2003) (citing *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 778-81 (10th Cir. 1999)); *and see Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (citing *Jones v. Bock*, 549 U.S. 199, 215-16 (2007)). Under the reasoning in these cases, each of the dismissals described above counts as a strike for purposes of § 1915(g).

Plaintiff's complaint has been preceded by the requisite number of dismissals and does not allege imminent danger of serious physical injury. Under the factors in § 1915(g), the application for leave to proceed pursuant to § 1915 must be denied and the filing fee paid. *See Pigg v. FBI*, 106 F.3d 1497, 1497 (10th Cir. 1997). The Court will not review the merits of Plaintiff's complaint or issue summons unless the filing fee is paid. Failure to timely submit the required filing fee may result in dismissal of this action without prejudice without further notice.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is DENIED;

IT IS FURTHER ORDERED that, within fifteen (15) days from entry of this order, Plaintiff must submit the required filing fee of $350.00.

_____
UNITED STATES DISTRICT JUDGE